**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| SAMPSON ANTWI, | No. 17-71270 |
| Petitioner, | Agency No. A208-923-513 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 8, 2022
Anchorage, Alaska

Before: HURWITZ, BRESS, and H. THOMAS, Circuit Judges.
Dissent by Judge BRESS.

Sampson Antwi, a citizen of Ghana, petitions for review of a decision of the

Board of Immigration Appeals ("BIA") dismissing his appeal from an order of an

Immigration Judge ("IJ") denying asylum, withholding of removal, and protection

under the Convention Against Torture ("CAT"). The IJ denied relief based on an

adverse credibility determination, and the BIA upheld that determination, citing

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994). "Where, as here, the BIA cites *Burbano* and also provides its own review of the evidence and law, we review both the IJ's and BIA's decisions." *Aguilar Fermin v. Barr*, 958 F.3d 887, 891 (9th Cir. 2020) (citation omitted). We have jurisdiction under 8 U.S.C. § 1252 and grant the petition for review in part and dismiss it in part.

1. Antwi claimed that he was persecuted in Ghana based on the perception that he was gay, asserting that during two attacks by "vigilante groups" he was beaten with fists, stones, sticks, and a brick. In arriving at the adverse credibility determination, the IJ repeatedly stated that Antwi testified that the initial attack took place on either December 23 or 25, 2015, but had previously stated in a Form I-589 that the attack occurred on December 21. However, Antwi never testified or otherwise asserted that the first attack took place on December 23. Rather, in his direct testimony, consistent with his Form I-589, he stated that the first attack occurred on December 21.

The BIA decision upholding the adverse credibility determination did not mention the IJ's erroneous statements about December 23, and correctly noted that Antwi once testified on cross-examination that the first attack occurred on December 25. But, given the BIA's *Burbano* citation, we also review the IJ's decision, *see Aguilar Fermin*, 958 F.3d at 891, and the IJ's error takes on special significance because the adverse credibility determination is a factual one that only the IJ can

2

make. *See Rodriguez v. Holder*, 683 F.3d 1164, 1166, 1171–72 (9th Cir. 2012); *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010). Moreover, Antwi was never confronted about the inconsistency between his statement on cross-examination and his otherwise consistent testimony that the first attack occurred on December 21. *See Perez-Arceo v. Lynch*, 821 F.3d 1178, 1184 (9th Cir. 2016).[1]

The IJ's factual error implicated at least two of her credibility findings, including a finding concerning the timing of Antwi's phone call to a friend following the first attack, which the IJ described as a "major discrepancy." To be sure, other reasons given by the IJ in support of the adverse credibility finding are supported by the record. But we no longer must sustain an adverse credibility finding simply because it is supported by a single reason; rather "we must affirm credibility findings only when they are supported by the 'totality of the circumstances.'" *Kumar v. Garland*, 18 F.4th 1148, 1155 (9th Cir. 2021) (citation omitted). Given the seriousness of the IJ's error, we cannot sustain the adverse credibility finding on this

---

[1] The IJ identified another "discrepancy" between Antwi's direct testimony and his response to questions by the IJ about where he fled after the second attack. The IJ noted, however, that "[b]ecause the discrepancy in the locations he gave following the second attack did not become apparent until after the Court reviewed the record, [Antwi] did not have an opportunity to clarify this inconsistency," and therefore did not rely on that alleged discrepancy in arriving at the adverse credibility determination.

3

record.[2]

    2. Antwi did not challenge the IJ's denial of his CAT claim in his briefing to the BIA, and now concedes that the claim was waived, albeit "inadvertently." We therefore lack jurisdiction to consider it. *See Ortiz v. INS*, 179 F.3d 1148, 1152 (9th Cir. 1999); *Honcharov v. Barr*, 924 F.3d 1293, 1296 n.2 (9th Cir. 2019).

    **GRANTED IN PART; DISMISSED IN PART.**

---

[2]    The IJ's other findings concerning credibility do not involve either "falsehoods" or "fabrications," *Kumar*, 18 F.4th at 1155, and alone do not compel an adverse credibility determination. *Cf. Li v. Garland*, 13 F.4th 954, 960 (9th Cir. 2021) (finding submission of false information in asylum and visa applications sufficient alone to support an adverse credibility determination).

*Antwi v. Garland*, No. 17-71270

BRESS, Circuit Judge, dissenting:

I respectfully dissent because I believe that substantial evidence supports the agency's adverse credibility determination. In assessing an adverse credibility finding, "we must look to the totality of the circumstances and all relevant factors." *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (citations and quotation omitted). Here, the central grounds for the agency's decision are supported by the record and sufficient to sustain its adverse credibility finding.

First, the agency found that Antwi's testimony about the first attack contradicted his asylum application. In the latter, Antwi stated that he was inside his home when the attack occurred and came outside to help his friend. In the former, Antwi said that he was three to four minutes from the home helping his friend hail a taxi when the attack occurred. Antwi was given the chance to explain this inconsistency and failed to do so.

Second, Antwi offered testimony about his relationship with Sebastian that the agency could regard as implausible. Despite never before mentioning it, Antwi testified before the immigration judge (IJ) that he had a "romantic relationship" with Sebastian. Yet, when pressed by the IJ, Antwi was unable to remember Sebastian's last name or when they had a relationship, even though Antwi had known Sebastian for seven years.

Third, there are differing accounts of Antwi's injuries during the second attack. Antwi testified that he suffered a cut on the back of his head that was so severe that hair no longer grows in that spot. But Uncle Ferry's declaration stated that Antwi merely had a bruise on his forehead where Antwi claimed an assailant hit him with a stone. The BIA pointed to this "additional discrepanc[y]" to support its decision.

Finally, the IJ made detailed findings about Antwi's demeanor that bear adversely on his credibility. We give "special deference" to an IJ's demeanor findings so long as she cites specific examples in support. *Kin v. Holder*, 595 F.3d 1050, 1056 (9th Cir. 2010). Here, the IJ noted that Antwi was non-responsive and failed to provide details when questioned. The IJ also observed that Antwi fidgeted, did not maintain eye contact, and occasionally appeared agitated. Among other things, the IJ recounted that "when challenged for details or explanations by the Court or the Department," Antwi appeared to "clearly be searching for what he deemed might be an appropriate answer as evidenced by his eyes darting around the room as the silence on the record would stretch on." These findings are specific in nature and support the agency's adverse credibility finding.

I agree with the majority that the IJ's conclusion about the date of Antwi's first attack is only partially supported by the record. But that errant aspect of the IJ decision does not undermine the agency's overall adverse credibility determination.

2

Although the BIA cited *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), the BIA did not rely on the "December 23" date discrepancy in its statement of reasons, as the majority acknowledges. Instead, the BIA stated, consistent with Antwi's testimony, that the first attack took place on December 25, 2015. In my view, the "December 23" error should not be regarded as material.

Under *Alam*, I therefore believe that the supported grounds are sufficient to sustain the agency's credibility finding. And I agree that Antwi forfeited his claim under the Convention Against Torture. I would have accordingly denied the petition for review in full.